## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Glenda Ann Mabe

v.

Hoofprint Hills Stables, Inc.,
Glen Y. Moody,
and Daphine Wigg

April 21, 1970

Case No. 2368

By Judge A. Christian Compton

Enclosed you will find the order entered today overruling the defendants' motion for summary judgment. The issue is whether the following language contained in a writing signed by the plaintiff is binding upon her so as to bar this action against the corporate defendant and the individual defendants, its agents, servants and employees:

> I understand, also, that I am responsible for my own safety and welfare and that Hoofprint Hills will not be held responsible should an accident occur.

The court is of the opinion that the document in question is not a contract or agreement amounting to a covenant not to sue, but that it is exactly what it purports to be, as set forth in the introductory paragraph thereof, that is, "a statement of a few of [the] responsibilities in Horsemanship for the Spring Semester" owed by the plaintiff to Virginia Commonwealth University. In view of this conclusion, the document fails to exempt any of the defendants from liability for negligence nor may it be used as evidence at the trial upon this issue.

The evidence taken at the hearing on the motion when read with that testimony of the plaintiff given upon discovery depositions shows that when the nature and subject matter of the document, the relation of the parties and the attendant circumstances are all considered, the docu-

ment in question was never contemplated by either the plaintiff or the instructor as a binding agreement which would exempt the defendants, or any of them, from liability to the plaintiff for negligence. The instructor, who was not in the defendant's employ, drafted the letter "to reinforce what [she] would have to say" to the students about their responsibilities, and for no other reason. The exculpatory language therein was not inserted at the direction of the defendants (hearing transcript, page 13) and, after execution, the letter was not turned over to the defendant but remained in the instructor's possession. Other than as a written record of the stated requirements of the school for completion of the course, there is no evidence that the letter had any other purpose (p. 16) and as a matter of law has no other effect.

The document was read by the plaintiff but it was never explained to her as being anything more than a statement of requirements for the course. She understood it to be an agreement which she signed with her instructor "in order to take the course" (deposition, page 75) and did not consider it as a document exempting the defendant stable from liability for negligence. (p. 72.)